**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emma Cuadros Ortiz, | No. CV-25-02014-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Emma Cuadros Ortiz's Motion for Alternative Service. (Doc. 19). The Court now rules.

**I.     BACKGROUND**

On May 9, 2025, Plaintiff, on behalf of her minor child J.L., sued Defendants Circle K Stores, Inc., d/b/a Clean Freak Car Wash ("Circle K"), Raymond Kane Gallardo, and Jane Doe Gallardo[1] ("the Gallardos"), alleging: sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and the Arizona Civil Rights Act; assault; battery; and intentional infliction of emotional distress. (Doc. 1 at 6).

On June 6, 2025, Plaintiff personally served Raymond Gallardo at 342 W. Corona Rd., Tucson, AZ 85756 ("the Corona address"). (Doc. 19-1 at 2). The process server also informed Mr. Gallardo that his wife, Carolina Gallardo, was being served in place of Jane Doe Gallardo and left a copy of the complaint and summons with him to effect service on Mrs. Gallardo. (Doc. 19-1 at 3).

---

[1] Plaintiff's first amended complaint removed Defendant Jane Doe Gallardo as a defendant and added Carolina Gallardo as a new defendant. (Doc. 9 at 2; Doc. 11).

1    Plaintiff subsequently amended her complaint on September 10, 2025. (Doc. 11). Plaintiff attempted to serve the Gallardos with the amended complaint four separate times at the Corona address, but was unsuccessful. (Doc. 19 at 2; Doc. 19-1 at 5). Plaintiff alleges the Gallardos are intentionally evading service of process and moves the Court to authorize an alternative method of service.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Federal Rule") 4(e)(1) allows summons to be served on an individual in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Arizona Rule of Civil Procedure ("Arizona Rule") 4.1(k) provides procedures for "alternative means of service." Ariz. R. Civ. P. 4.1(k). Under this rule, "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." *Id.* 4.1(k)(1). "If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and "must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." *Id.* 4.1(k)(2).

The standard for impracticability under Arizona Rule 4.1(k) "requires something less than the 'due diligence' showing required before service by publication may be utilized," and "something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process." *Blair v. Burgener*, 245 P.3d 898, 903–04 (Ariz. Ct. App. 2010). In the context of Arizona Rule 4.1(k), "impracticable" simply means that the traditional means of service have proven to be "extremely difficult or inconvenient." *Id.* at 903.

If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio*

*Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Ruffino v. Lokosky*, 425 P.3d 1108, 1113 ¶ 16 (Ariz. Ct. App. 2018) (due process requires that the method of service be "the best means practicable" to provide notice to the interested party).

### III.     DISCUSSION

Plaintiff argues that service upon the Gallardos is "impracticable and likely futile." (Doc. 19 at 2). The Court finds that Plaintiff has made the requisite showing to justify alternative service on the Gallardos.

Plaintiff attempted to serve the Gallardos with the amended complaint four times at the Corona address—September 16 (12:31pm), September 21 (12:58pm), September 26 (8:24am), and September 29 (7:02pm). (Doc. 19-1 at 5). The process server's affidavit states that on each of these four occasions, there were multiple vehicles present at the residence, but no one answered the door. (Doc. 19-1 at 5). Plaintiff alleges that the vehicles at the property had license plate numbers registered to the Gallardos. (Doc. 19 at 2).

Given the four service attempts—made on four different dates, at different times—and the Gallardos' apparent evasion of service, the Court finds the "impracticable" requirement of Arizona Rule 4.1(k) is satisfied. Ariz. R. Civ. P. 4.1(k); *Amaya v. Sw. Auto Sales & Fin. LLC*, CV-25-02180-PHX-JAT, 2025 WL 2637834, at *3 (D. Ariz. Sept. 12, 2025) (authorizing alternative service of process when three service attempts were unsuccessful and defendant appeared to be evading service); *Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL 8326075, at *2 (D. Ariz. Jan. 10, 2019) (noting that, although plaintiff had not undertaken "great effort" to personally serve the defendants, "great effort" "is not the standard for impracticability").

Because alternative service of process is appropriate, the Court must determine whether Plaintiff's proposed method of alternative service comports with due process. *Rio*

*Props., Inc.*, 284 F.3d at 1016; *Ruffino*, 425 P.3d at 1113 ¶ 16. Plaintiff proposes serving the Gallardos by: (1) posting a copy of the summons, first amended complaint, and order authorizing alternative service upon the Corona address; and (2) mailing copies of the same to the Corona address via U.S. Certified Mail and U.S. regular first-class mail. (Doc. 19 at 2–3). The Court finds that Plaintiff's proposed method of service comports with due process because it is the "best means practicable" to notify the Gallardos of the updated complaint and allow them the opportunity to respond. *Rio Props., Inc.*, 284 F.3d at 1016; *Ruffino*, 425 P.3d at 1113 ¶ 16. Indeed, the Gallardos were served with the original complaint at the Corona address in June 2025, thus notifying them of the pending action, and vehicles registered in their names were parked outside that same address during subsequent service attempts in September 2025.

Because traditional means of service have proven impracticable and the proposed method of alternative service comports with due process, the Court will grant Plaintiff's request.

**IV.     CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Alternative Service (Doc. 19) is **granted**.

**IT IS FURTHER ORDERED** that, by November 19, 2025, Plaintiff must file with the Court satisfactory evidence that a copy of the Summons, Complaint, and this Order were: (1) posted to the front door of 342 W. Corona Rd., Tucson, AZ 85756; and (2) mailed to 342 W. Corona Rd., Tucson, AZ 85756 via both U.S. Certified Mail, return receipt requested, and U.S. regular first-class mail, no return receipt requested. The provision of this evidence shall be deemed proof of service for the Gallardos.

Dated this 12th day of November, 2025.

James A. Teilborg
Senior United States District Judge