**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emma Cuadros Ortiz,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Circle K Stores Incorporated, et al.,<br><br>　　　　　　Defendants. | No. CV-25-02014-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Emma Cuadros Ortiz's Second Motion for Alternative Service. (Doc. 22).

On November 12, 2025, the Court granted Plaintiff's request to alternatively serve Defendants Raymond and Carolina Gallardo ("the Gallardos") with the amended complaint at 342 W. Corona Rd., Tucson, AZ 85756 ("the Corona address"). (Doc. 20). Plaintiff's pending motion alleges she received "new information" suggesting that the Gallardos now reside at 218 E. Date Ave., Casa Grande, AZ 85122 ("the E. Date address"). Plaintiff, moving under Federal Rule of Civil Procedure ("Federal Rule") 4(e)(1), asks the Court to authorize an alternative means of service upon Defendants at the E. Date address "out of an abundance of caution and to ensure that Defendants are fully afforded their rights to due process." (Doc. 22 at 2). Plaintiff also requests, under Federal Rule 4(m), that the Court extend the deadline to serve Defendants to "thirty (30) days after the Court enters an order granting th[e] motion." (Doc. 22 at 3).

Federal Rule 4(e)(1) allows summons to be served on an individual in a manner that

follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Arizona Rule of Civil Procedure ("Arizona Rule") 4.1(k) provides procedures for "alternative means of service." Ariz. R. Civ. P. 4.1(k). Under this rule, "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." *Id.* 4.1(k)(1). The standard for impracticability under Arizona Rule 4.1(k) "requires something less than the 'due diligence' showing required before service by publication may be utilized," and "something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process." *Blair v. Burgener*, 245 P.3d 898, 903–04 (Ariz. Ct. App. 2010). In the context of Arizona Rule 4.1(k), "impracticable" simply means that the traditional means of service have proven to be "extremely difficult or inconvenient." *Id.* at 903. If the impracticability requirement is satisfied and alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Here, Plaintiff has failed to allege that traditional methods of service have proven to be impracticable. Indeed, Plaintiff has not alleged *any* attempt to serve the Gallardos at the E. Date address—let alone enough attempts to rise to the level of impracticability required to justify alternative service. Given this failure, Plaintiff's second request for alternative service will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Motion for Alternative Service (part of Doc. 22) is **denied without prejudice**.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff's request to extend the deadline to alternatively serve the Gallardo Defendants (part of Doc. 22) is **denied as moot**.

Dated this 12th day of December, 2025.

James A. Teilborg
Senior United States District Judge