**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emma Cuadros Ortiz, | No. CV-25-02014-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' stipulation for entry of a protective order. (Doc. 24). In the stipulation, the parties offer no cause for the need for a protective order. (*Id*.). In the proposed protective order, they define what they will mark as confidential as: "Confidential Material means non-public information, including but not limited to personnel records, medical or psychiatric information, private customer data, proprietary business information, trade secrets, or other information protected by statute or recognized privacy interests, the disclosure of which would cause harm or invade legitimate privacy interests." (Doc 24-1 at 3).

Generally, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Federal Rule of Civil Procedure 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (quoting

*Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "must make a 'particularized showing of good cause with respect to [each] individual document.'" *Id.* (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)). Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quotation omitted).

A permissible subcategory of global protective orders is umbrella or blanket protective orders. Blanket protective orders delay the requirement to show good cause with respect to individual documents until the designation of that document as confidential is challenged or when a party attempts to file it under seal. *Rocky Mountain Bank v. Google, Inc.*, 428 Fed. App'x 690, 691 (9th Cir. 2011) (citation omitted) (explaining that "where [a] blanket protective order [is] issued, an actual showing of good cause must be made if another seeks access to the document."); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006) ("we have held that … reliance on a blanket protective order is unreasonable and is not a 'compelling reason' that rebuts the presumption of access" once a document is filed in the record).

Here, the parties' proposed protective order is so broad that it is an impermissible global protective order. For example, it seeks to protect documents, "including but not limited to". This language does not advise the Court or the public of the scope of the documents that will be marked as confidential. It further lists information that the Court has no reason to believe will be at issue in this case like "private customer data" or "personnel records" of third parties. Thus, the breadth of the proposed protective order does not fall within Federal Rule of Civil Procedure 26's limited protections and good cause has not been shown to protect any categories of information. Fed. R. Civ. P. 26(c)(1), (G) (the district court may, upon a showing of good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,"

1 | including by "requiring that a trade secret or other confidential research, development, or
2 | commercial information not be revealed or be revealed only in a specific way.").
3 |     As a result of the foregoing,
4 |     **IT IS ORDERED** that the stipulation for entry of a protective order (Doc. 24) is
5 | denied without prejudice.
6 |     Dated this 9th day of February, 2026.

James A. Teilborg
Senior United States District Judge